# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:21-CV-00095

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **VERIFIED COMPLAINT FOR** |
| ) | **FORFEITURE *IN REM*** |
| APPROXIMATELY $4,335.00 IN U.S. ) | |
| CURRENCY seized from Sherry Lacsey ) | |
| Davis on or about September 30, 2020, in ) | |
| Haywood County, North Carolina, ) | |
| ) | |
| Defendant. ) | |

NOW COMES the United States of America, Plaintiff herein, by and through William T. Stetzer, Acting United States Attorney for the Western District of North Carolina, in a civil cause of forfeiture, and respectfully states the following:

## NATURE OF ACTION

1. This is a civil action *in rem* against approximately $4,335.00 in United States Currency ("the Defendant Currency") seized from Sherry Lacsey Davis on or about September 30, 2020, in Haywood County, North Carolina.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

3. This Court has *in rem* jurisdiction over the Defendant Currency, and venue is proper pursuant to 28 U.S.C. § 1355(b)(1) because acts or omissions giving rise to the forfeiture occurred in the Western District of North Carolina.

4. Venue is also proper pursuant to 28 U.S.C. § 1395 because the Defendant Currency is located in the Western District of North Carolina.

5. The Defendant Currency was seized within and is now within the Western District of North Carolina.

## BASIS FOR FORFEITURE

6. This civil action is brought against the Defendant Currency because it constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841 and/or 846, proceeds traceable to such an exchange, and/or money used or intended to be used to facilitate a violation of 21 U.S.C. §§ 841 and/or 846, and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

## FACTS

7. At approximately 9:36 p.m. on September 30, 2020, Detective Phillips with the Haywood County Sheriff's Office noticed a black Ford Mustang behind him.

8. As the Ford Mustang began to pass Detective Phillips, the driver of the vehicle slammed on the brakes and conducted an abrupt left turn into the parking lot of the Rendezvous restaurant in Maggie Valley.

9. A short time later, Deputy Stoller, also with the Haywood County Sheriff's Office, saw the Ford Mustang pull out of the parking lot and turn onto Dellwood Road.

10. Deputy Stoller was unable to read the license plate on the Ford Mustang. It appeared that the vehicle did not have a functioning tag light.

11. Deputy Stoller activated his blue lights and pulled the Ford Mustang over in the parking lot of the Sunoco gas station located at 1980 Dellwood Road in Waynesville, NC.

12. The driver of the Ford Mustang was Charles Michael Hurt. Deputy Stoller recognized Mr. Hurt from a previous encounter, and Mr. Hurt has a history of drug offenses.

13. The passenger of the Ford Mustang was Ms. Davis, who also has a history of drug offenses.

14. At the time of the traffic stop, Mr. Hurt and Ms. Davis both had pending felony drug charges in Haywood County.

15. Mr. Hurt and Ms. Davis are both unemployed.

16. As Deputy Stoller approached the vehicle, he observed that the tag light was on, but it was very dim. Deputy Stoller also noticed that the vehicle's taillights appeared to be partially painted over.

17. Mr. Hurt acknowledged the issues with the lights on the vehicle, and assured Deputy Stoller that he would get them fixed.

18. Other officers arrived at the scene to assist Deputy Stoller with the traffic stop, including Deputy Bellows and Sergeant Campbell.

19. During the traffic stop, Ms. Davis appeared nervous and uneasy.

20. Mr. Hurt consented to a search of the vehicle. During the search, officers located a bag in the backseat that contained a green digital scale, baggies, and other drug paraphernalia which were consistent with drug trafficking.

21. Ms. Davis consented to a search of her person. Deputy Bellows, a female officer, conducted the search of Ms. Davis. Deputy Bellows felt a bulge in the crotch of Ms. Davis's pants. When asked about the bulge, Ms. Davis said, "I'm on my period." However, during the search of Ms. Davis, Deputy Bellows located a bag containing approximately 5 grams of methamphetamine in her underwear.

22. In Ms. Davis's purse and wallet, officers located a total of $4,335 in U.S. Currency. This currency was organized in 4 stacks of $20 bills, as well as in another stack containing different denominations.

23. Ms. Davis and Mr. Hurt made inconsistent statements about the methamphetamine. Specifically, Ms. Davis informed the officers that Mr. Hurt had instructed her to put the methamphetamine in her pants. However, Mr. Hurt denied that the methamphetamine was his.

24. At the scene, Ms. Davis claimed that the U.S. Currency was hers. Mr. Hurt denied that the U.S. Currency was his.

## **ADMINISTRATIVE FORFEITURE**

25. DEA initiated an administrative forfeiture action against the Defendant Currency.

26. On January 11, 2021, Mr. Hurt filed a claim as to the Defendant Currency.

27. The United States now files this Complaint in response to that claim.

28. The following persons may have or claim an interest in the Defendant Currency:

Sherry Lacsey Davis
243 Riverbend Road
Sylva, NC 28779

Charles Michael Hurt
283 Riverbend Road
Sylva, NC 28779

## CONCLUSION

29. By virtue of the foregoing, all right, title, and interest in the Defendant Currency vested in the United States at the time of the commission of the unlawful act giving rise to forfeiture, 21 U.S.C. § 881(h), and has become and is forfeitable to the United States of America.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America respectfully prays the Court that:

(1) a warrant for the arrest of the Defendant Currency be issued;

(2) due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

(3) judgment be entered declaring the Defendant Currency to be condemned and forfeited to the United States of America for disposition according to law; and

(4) the United States be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action, including but not limited to the expenses of maintenance and protection of the Defendant Currency as required by 28 U.S.C. § 1921.

Respectfully submitted this 9th day of April, 2021.

                        WILLIAM T. STETZER
                        ACTING UNITED STATES ATTORNEY

                        **s/ Jonathan D. Letzring**
                        JONATHAN D. LETZRING
                        Assistant United States Attorney
                        Georgia Bar No. 141651
                        Room 233, U.S. Courthouse
                        100 Otis Street
                        Asheville, North Carolina 28801
                        Telephone No. (828) 271-4661
                        jonathan.letzring@usdoj.gov

# VERIFICATION

I am a Task Force Officer with the Drug Enforcement Administration and one of the agents assigned to this case. Pursuant to 28 U.S.C. § 1746, I hereby verify and declare under penalty of perjury that the foregoing is true and correct to the best of knowledge, information, and belief.

Date: 4/8/2021

_____ TFO
Michael Reagan
Task Force Officer