UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-CV-95

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>APPROXIMATELY $4,335.00 IN U.S. )<br>CURRENCY seized from Sherry Lacsey Davis )<br>on or about September 30, 2020, in Haywood )<br>County, North Carolina, )<br>)<br>Defendant. ) | **ORDER** |

This matter is before the Court on the Government's Motion for Default Judgment of Forfeiture. (Doc. No. 7). Pursuant to Fed. R. Civ. P. 55(b)(2), the Government requests that the Court enter a Default Judgment of Forfeiture with respect to the $4,335.00 in United States Currency ("the Defendant Currency") identified in the Government's Verified Complaint.

## FACTUAL BACKGROUND

Where, as here, an entry of default occurs, the defaulted party is deemed to have admitted all well-pleaded allegations of fact in the complaint. See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2011); see also Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied"). Thus, the factual allegations in the Government's Complaint, Doc. 1, are deemed admitted as true. The following is a recitation of the relevant, admitted facts:

At approximately 9:36 p.m. on September 30, 2020, Detective Phillips with the Haywood County Sheriff's Office noticed a black Ford Mustang behind him. Id. ¶ 7. As the Ford Mustang

1

began to pass Detective Phillips, the driver of the vehicle slammed on the brakes and conducted an abrupt left turn into the parking lot of the Rendezvous restaurant in Maggie Valley. Id. ¶ 8. A short time later, Deputy Stoller, also with the Haywood County Sheriff's Office, saw the Ford Mustang pull out of the parking lot and turn onto Dellwood Road. Id. ¶ 9. Deputy Stoller was unable to read the license plate on the Ford Mustang. Id. ¶ 10. It appeared that the vehicle did not have a functioning tag light. Id.

Deputy Stoller activated his blue lights and pulled the Ford Mustang over in the parking lot of the Sunoco gas station located at 1980 Dellwood Road in Waynesville, NC. Id. ¶ 11. The driver of the Ford Mustang was Charles Michael Hurt. Id. ¶ 12. Deputy Stoller recognized Mr. Hurt from a previous encounter, and Mr. Hurt has a history of drug offenses. Id. The passenger of the Ford Mustang was Ms. Davis, who also has a history of drug offenses. Id. ¶ 13. At the time of the traffic stop, Mr. Hurt and Ms. Davis both had pending felony drug charges in Haywood County. Id. ¶ 14. Mr. Hurt and Ms. Davis are both unemployed. Id. ¶ 15.

As Deputy Stoller approached the vehicle, he observed that the tag light was on, but it was very dim. Id. ¶ 16. Deputy Stoller also noticed that the vehicle's taillights appeared to be partially painted over. Id. Mr. Hurt acknowledged the issues with the lights on the vehicle, and assured Deputy Stoller that he would get them fixed. Id. ¶ 17. Other officers arrived at the scene to assist Deputy Stoller with the traffic stop, including Deputy Bellows and Sergeant Campbell. Id. ¶ 18.

During the traffic stop, Ms. Davis appeared nervous and uneasy. Id. Mr. Hurt consented to a search of the vehicle. Id. ¶ 20. During the search, officers located a bag in the backseat that contained a green digital scale, baggies, and other drug paraphernalia which were consistent with drug trafficking. Id.

Ms. Davis consented to a search of her person. Id. ¶ 21. Deputy Bellows, a female officer, conducted the search of Ms. Davis. Id. Deputy Bellows felt a bulge in the crotch of Ms. Davis's pants. Id. When asked about the bulge, Ms. Davis said, "I'm on my period." Id. However, during the search of Ms. Davis, Deputy Bellows located a bag containing approximately 5 grams of methamphetamine in her underwear. Id.

In Ms. Davis's purse and wallet, officers located a total of $4,335 in U.S. Currency. Id. ¶ 22. This currency was organized in 4 stacks of $20 bills, as well as in another stack containing different denominations. Id. Ms. Davis and Mr. Hurt made inconsistent statements about the methamphetamine. Id. ¶ 23. Specifically, Ms. Davis informed the officers that Mr. Hurt had instructed her to put the methamphetamine in her pants. Id. However, Mr. Hurt denied that the methamphetamine was his. Id. At the scene, Ms. Davis claimed that the U.S. Currency was hers. Id. ¶ 24. Mr. Hurt denied that the U.S. Currency was his. Id.

## PROCEDURAL BACKGROUND

On April 9, 2021, the Government filed a Verified Complaint for Forfeiture *in Rem*, alleging that the Defendant Currency seized from Ms. Davis on or about September 30, 2020, is subject to civil forfeiture under 21 U.S.C. § 881(a)(6). Doc. 1. On April 9, 2021, the Clerk issued a Warrant of Arrest *in Rem* for the Defendant Currency. Doc. 2.

After the Government filed its Complaint, and in accordance with Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Government provided direct notice of this action to known potential claimants. Specifically, on April 19, 2021, the Government mailed notice and a copy of the Complaint to Ms. Davis and Mr. Hurt. Doc. 4. On May 4, 2021, the Government again mailed notice and a copy of the Complaint to Sherry Lacsey Davis. Id. Additionally, in accordance with Supplemental Rule G(4)(a), the

3

Government provided notice by publication as to all persons with potential claims to the Defendant Currency by publishing notice via www.forfeiture.gov for 30 consecutive days, beginning on April 20, 2021. Id.

The Government has taken reasonable steps to provide notice to known potential claimants, and the Government has otherwise complied with the notice requirements set forth in Supplemental Rule G(4). During the pendency of this action, no individual or entity has made a timely claim to the Defendant Currency.

## DISCUSSION

Pursuant to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), the Government has the initial burden of establishing by a preponderance of the evidence that the defendant property is subject to forfeiture. 18 U.S.C. § 983(c)(1). A complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2)(f). The Government may seek forfeiture of currency if it was used, or intended to be used in exchange for a controlled substance, or represents proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate a violation of the Controlled Substances Act, 21 U.S.C. § 801 et seq. See 21 U.S.C. § 881(a)(6).

Based upon the allegations of the Government's Verified Complaint—which are deemed admitted as true—the Court finds that the Government has satisfied its burden of showing that the Defendant Currency is subject to forfeiture under 21 U.S.C. § 881(a)(6). Additionally, the Court finds that the Government has taken reasonable steps to provide notice to known potential claimants, and the Government has otherwise complied with the notice requirements set forth in Supplemental Rule G(4). No individual or entity has timely filed a claim to the Defendant

4

Case 1:21-cv-00095-MOC-WCM   Document 9   Filed 09/16/21   Page 4 of 5

Currency. After careful review, the Court finds that the Government has established that default judgment is appropriate.

## **JUDGMENT**

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the Government's Motion for Default Judgment of Forfeiture is hereby **GRANTED** and Judgment of Forfeiture is **ENTERED** in favor of the United States against all persons and entities with respect to the approximately $4,335.00 in U.S. Currency seized from Sherry Lacsey Davis on or about September 30, 2020, in Haywood County, North Carolina.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that any right, title, and interest of all persons to the Defendant Currency is hereby forfeited to the United States, and no other right, title, or interest shall exist therein.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the United States Marshal is hereby directed to dispose of the forfeited Defendant Currency as provided by law.

Signed: September 16, 2021

Max O. Cogburn Jr
United States District Judge